UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. CV-06-149-M-DWM |
| Plaintiff, | |
| vs. | CONSENT DECREE |
| LES SCHWAB TIRE CENTERS OF MONTANA, INC., LES SCHWAB WAREHOUSE CENTER, INC., | |
| Defendants. | |

I.   INTRODUCTION

1. This action originated with a discrimination charge filed by Earle Nevins ("Mr. Nevins") with the Montana Human Rights Bureau ("MHRB") against Les Schwab Tire Centers of Montana, Inc. ("Les Schwab Montana") on May 18, 2005.

2. The EEOC filed this lawsuit on September 25, 2006 in the United States District Court for the District of Montana on behalf of Mr. Nevins, alleging harassment based on race (Native American) and termination based on race and retaliation. Mr. Nevins intervened in this suit on November 8, 2006. The defendants are Les Schwab Montana and Les Schwab

- 1 -

Warehouse Center, Inc. ("Warehouse")  Les Schwab Montana and Warehouse have denied EEOC's allegations.

3. The parties want to conclude fully and finally all claims arising out of the EEOC's complaint and the charge of discrimination filed with EEOC by Mr. Nevins.

## II. NONADMISSION OF LIABILITY AND NONDETERMINATION BY THE COURT

4. This consent decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Les Schwab Montana or Warehouse of a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e- et seq ("Title VII"). Les Schwab Montana and Warehouse expressly deny any violation of Title VII.  Warehouse contends it is not a proper party to this lawsuit.  The EEOC contends that the Warehouse is a proper party to this lawsuit.

## III. JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII.  The employment practices alleged to be unlawful in the EEOC's complaint filed herein are alleged to have occurred within the jurisdiction of the United States District Court for the District of Montana.

## IV. SETTLEMENT SCOPE

6. This consent decree resolves all issues and claims arising out of the EEOC's complaint, including all claims by the parties for attorney fees and costs, and is binding and final as to all such issues and claims   Accordingly, the EEOC has informed the MHRB that it has resolved the litigation stemming from Mr. Nevins' charge, and the EEOC has provided the MHRB a copy of the consent decree.   In addition, Mr. Nevins, Les Schwab Montana and

Warehouse have entered into a private release agreement to which the EEOC is not a party. This consent decree applies to the Les Schwab Evergreen store in Kalispell, Montana.

## V. MONETARY RELIEF

7. In settlement of this lawsuit, Les Schwab Montana agrees to pay $185,000 to Mr. Nevins in resolution of his claims and for attorneys' fees and costs within ten (10) days of the date of entry of this consent decree. Payment shall be effected by sending, via certified mail, a settlement check to an address to be provided, with copies to the EEOC.

## VI. INJUNCTIVE AND OTHER RELIEF

    A.   General Provisions

8. Les Schwab Montana, its managers and employees will not engage in practices which constitute harassment based on an employee's race or retaliation against any individual for engaging in protected EEO activity including but not limited to serving as a witness in the investigation or prosecution of this case. In recognition of obligations under Title VII, the following policies and practices shall apply to the Evergreen store.

    B.   Anti-Discrimination Policies and Procedures

9. Les Schwab Montana shall evaluate the practices of its Evergreen store managers to ensure compliance with Les Schwab Montana's EEO policy, and compliance with Les Schwab Montana's EEO policy shall be considered in the performance evaluations of managers at the Evergreen store.

10. Within ninety (90) days of the effective date of this consent decree, Les Schwab Montana shall deliver to the EEOC a copy of its EEO policy and confirm that it has distributed the policy to all present Evergreen store employees, both management and non-management, and will provide it to future Evergreen store employees, both management and non-management.

C.  Training

11. Within ninety (90) days of the effective date of this Consent Decree, Les Schwab Montana shall ensure that all Evergreen store employees, both management and non-management, and a Warehouse Human Resources representative designated by Les Schwab Montana, will be provided three (3) hours of training on harassment, employment discrimination, and retaliation for engaging in protected EEO activity. The EEOC shall have an opportunity to view the training materials prior to the training date.

During the second year of this consent decree, Les Schwab Montana shall ensure that all Evergreen store employees, both management and non-management, and a Warehouse human resource representative designated by Les Schwab Montana, will again be provided with three (3) hours of training on harassment, employment discrimination and retaliation.

D.  Reference Requests

12. Les Schwab Montana shall ensure no disclosure of information or reference to any charge of discrimination that is the subject of the lawsuit or this lawsuit in responding to employment reference requests regarding Mr. Nevins. Employees will be directed to refer such requests to an appropriate management official at Les Schwab Montana. In response to requests for references from potential employers, no references shall be made to allegations of workplace violence.

E.  Policies Designed to Promote Supervisor Accountability

13. Les Schwab Montana shall advise all managers at the Evergreen store of their duty to ensure compliance with its EEO policy, and to address any incident or complaint of harassment, discrimination, or retaliation, of which they become aware. If a manager violates

Les Schwab Montana's EEO policy, he/she may be subject to discipline up to and including termination and compensation may be affected.

    14.    Les Schwab Montana agrees that it shall include "commitment to and compliance with equal employment laws, regulations and company policy" or similar designation as a criterion for qualification and evaluation of the Evergreen store managers.

    F.    <u>Reporting</u>

    15.    Les Schwab Montana shall report in declaration form to the EEOC beginning six (6) months from the date of the entry of this decree, and thereafter every six months for the duration of the decree the following information:

    a.    Certification of the completion of training and list, including job titles, of attendees set forth in Paragraph 11 above.

    b.    Certification that its EEO policy has been provided to all current and newly hired Evergreen store employees as described in Paragraph 10 above.

    c.    A copy of its EEO policy and a list of any changes, modifications, revocations or revisions to its EEO policy which concern or affect the subject of discrimination and retaliation; and

    d.    A summary of all racial harassment, discrimination and retaliation complaints, if any, filed by employees at the Evergreen store, identified by name, and the resolution of each complaint.

    G.    <u>Posting</u>

    16.    Les Schwab Montana shall post a Notice, attached as Exhibit A to this consent decree, in the break room at the Evergreen store for the duration of the consent decree.

## VII. ENFORCEMENT

17. If the EEOC determines that Les Schwab Montana has not complied with the terms of this decree, the EEOC shall provide written notification of the alleged breach to Les Schwab Montana. The EEOC shall not petition the Court for enforcement of the decree for at least thirty (30) days after providing written notification of the alleged breach. The 30-day period following the written notice shall be used by the parties for good faith efforts to resolve the dispute, or for Les Schwab Montana to cure the breach. In those cases where it would take longer than thirty (30) days to cure the breach, Les Schwab Montana may have such additional time as may be necessary by agreement with the EEOC so long as Les Schwab Montana takes all reasonable efforts to cure the breach within the thirty (30) day period.

## VIII. RETENTION OF JURISDICTION

18. The United States District Court for the District of Montana shall retain jurisdiction over this matter for the duration of the consent decree.

## IX. DURATION AND TERMINATION

19. This consent decree shall be in effect for two (2) years from the date the Court enters the decree. If the EEOC petitions the Court for breach of the consent decree, and the Court finds Les Schwab Montana to be in violation of the terms of the consent decree, the Court may extend the duration of the consent decree.

## X. CONCLUSION

20. The parties are not bound by any provision of this decree until it is signed by authorized representatives of each party and is entered by the Court.

Dated this _27th_ day of June, 2008.

BY:  /s/  *William R. Tamayo*
WILLIAM R. TAMAYO
Regional Attorney
San Francisco District
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

JOHN F. STANLEY
Supervisory Trial Attorney
MOLLY P. KŰÇŰK
Trial Attorney
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104
Ph. (206) 220-6892
Fax (206) 220-6911

Attorneys for Plaintiff EEOC


BY:   /s/  *Daniel D. Johns*
DANIEL D. JOHNS
KIMBERLY S. MORE
Crowley, Haughey, Hanson, Toole & Dietrich PLLP
431 First Avenue West
P.O. Box 759
Kalispell, Montana 59903-0759
Phone: (406) 752-6644
Fax: (406) 752-5108

STEVE LEHMAN
The Crowley Law Firm
P.O. Box 2529
Billings, MT 59103
Phone:  (406) 255-7237
Fax:  (406) 252-5292

KENNETH DIAMOND
Winterbauer & Diamond
1200 Fifth Avenue, Suite 1910
Seattle, WA 98101
Phone:  206-676-8440
Fax:     206-676-8441

Attorneys for Defendants

ORDER APPROVING CONSENT DECREE

The Court having considered the foregoing stipulated agreement of the parties, IT IS HEREBY ORDERED THAT the foregoing Consent Decree be, and the same hereby is, approved as the final decree of this Court in full settlement of this action.  This lawsuit is hereby dismissed with prejudice and without costs or attorneys' fees to any party.  The Court retains jurisdiction of this matter for purposes of enforcing the Consent Decree approved herein.

DATED this _____ day of _____, 2008.

_____
DONALD W. MOLLOY
Chief Judge, United States District Court